IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAVONTE WRIGHT, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>TRANS UNION RENTAL )<br>SCREENING SOLUTIONS, INC., )<br> and )<br>RENTSPREE, INC., )<br> )<br> Defendants. )<br> ) | CIVIL ACTION NO.<br>2:26-CV-854<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## **PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

## **THE PARTIES**

2. Plaintiff Shavonte Wright is an adult individual who resides in Sacramento, CA.

3. Defendant Trans Union Rental Screening Solutions, Inc. (hereafter "TURSS") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and has a primary office at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

4. Defendant RentSpree, Inc. (hereafter "RentSpree") is a consumer reporting agency and a reseller of credit information that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 400 University St, Seattle, WA 98101.

## JURISDICTION AND VENUE

5. Jurisdiction of the Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. In or around April 2024, Plaintiff was attempting to secure housing at 550 Regency Park Circle, Sacramento CA through its owner.

8. As part of Plaintiff's rental application, the property owner obtained a consumer report from Defendants.

9. Defendants' report contained derogatory and inaccurate information about Plaintiff.

10. Defendants have been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

11. The inaccurate information includes, but is not limited to, an eviction judgment against Plaintiff.

12. The inaccurate information grossly disparages the Plaintiff.

13. In creating and furnishing the Plaintiff's consumer report, Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

14. In fact, even a rudimentary review of the relevant public records would reveal that the inaccurate information should not have reported on Plaintiff's consumer report.

15. Despite the glaring inaccuracy stated above, Defendants sold to the property owner a consumer report that contained the inaccurate information.

16. Defendants have sold reports containing the inaccurate information to third parties since at least April 2024.

17. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

18. Defendant RentSpree, in its capacity as consumer reporting agency and reseller of consumer information, obtains consumer credit information secondarily from other consumer reporting agencies. The consumer credit information maintained for individual consumers by the other consumer reporting agencies consists of public records information, account information and other consumer information. Once RentSpree receives the requested consumer credit information, they assemble the information into RentSpree consumer credit reports, which they then sell to third parties.

19. In April 2024, RentSpree requested and obtained consumer credit information about the Plaintiff from Defendant TURSS. Portions of the information obtained by RentSpree from TURSS was the inaccurate information.

20. Due to RentSpree's faulty procedures, RentSpree included the inaccurate information obtained from TURSS when it created its consumer report about the Plaintiff.

21. Prior to the sale of its consumer report about Plaintiff, RentSpree did nothing to assure the accuracy of the information contained in the report.

22. As a result of the inaccurate report Defendants sold to the property owner in April 2024, Plaintiff was denied housing by the property owner.

23. The basis for that denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendants, which was a substantial factor for the denial.

24. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I - VIOLATIONS OF THE FCRA
### PLAINTIFF V. TURSS AND RENTSPREE

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, Defendants were a "person[s]" and "consumer reporting agenc[ies]" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

29. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

32. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

Dated: February 10, 2026               Respectfully Submitted,

FRANCIS MAILMAN SOUMILAS, PC

*/s/ Mark D. Mailman*
MARK D. MAILMAN, ESQ.
JOSEPH L. GENTILCORE, ESQ.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
E: mmailman@consumerlawfirm.com
E: jgentilcore@consumerlawfirm.com

*Attorneys for Plaintiff*